UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAMON FORT'E, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:18-cv-00407-JPH-MJD |
| | ) |
| RICHARD BROWN, | ) |
| | ) |
| Respondent. | ) |

**Order Directing Opening of New Action**

On September 12, 2018, petitioner Damon Fort'e filed his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction in prison disciplinary case number CIC 17-06-0166. Dkt. 2. On July 17, 2019, this Court denied Mr. Fort'e's petition on the merits and entered final judgment. Dkts. 19 & 20. Mr. Fort'e filed his Federal Rule of Civil Procedure Rule 59(e) motion to alter or amend the judgment on July 30, 2019. Dkt. 21. The Court denied the post-judgment motion on August 6, 2019. Dkt. 22. Mr. Fort'e did not appeal.

On June 9, 2020, Mr. Fort'e filed his motion for relief from judgment pursuant to Rule 60(b). He asserts the Court erred in its disposition of his habeas corpus petition and essentially re-argues his same grounds for relief. Mr. Fort'e's purported motion is in fact another 28 U.S.C. § 2254 petition.

The Supreme Court has made clear that when a Rule 60(b) motion attacks the Court's "previous resolution of a claim *on the merits*," it must be treated as a § 2254 petition. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). This is because "alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.*; *see Adams v. United States*,

1

911 F.3d 397, 403 (7th Cir. 2018) ("[A] prisoner may not use a Rule 60(b) motion to attack[] the federal court's previous resolution of a [habeas] claim *on the merits*. Such an attack . . . is essentially just another claim for post-conviction relief." (citation quotation marks omitted)).

Mr. Fort'e's Rule 60(b) motion argues that the Court erred in deciding most of the ten grounds for relief he asserted in his petition. Dkt. 23. These are claims for habeas corpus relief, not bases to reopen his closed habeas action. *Adams*, 911 F.3d at 403; *Gonzalez*, 545 U.S. at 531 (Rule 60(b) motion presenting newly discovered evidence in support of claims is, in effect, a successive petition).

Accordingly, Mr. Fort'e's motion must be treated as a new habeas corpus action brought pursuant to 28 U.S.C. § 2254. The **clerk is directed** to **terminate** the motion for reconsideration, dkt. [23], on the docket.

The **clerk is directed** to open a new civil action in the Terre Haute Division consistent with the following:

    (a) The petitioner shall be Damon Fort'e.

    (b) The respondent shall be Warden, Wabash Valley Correctional Facility.

    (c) The nature of suit shall be 530.

    (d) The cause of action shall be 28:2554.

    (e) The clerk shall file copies of the motion for relief from judgment, dkt. [23], and this Order in the new action.

    (f) This action and the new action shall be shown as linked actions on the docket.

    (g) The assignment of judicial officers shall be by random draw.

**SO ORDERED.**

Date: 6/12/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Damon Fort'e
988357
Wabash Valley Correctional Facility – Inmate Mail/Parcels
Electronic Service Participant – Court Only

Abigail Recker
Indiana Attorney General
abigail.recker@atg.in.gov